IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BILLY TRIPP, d/b/a TRIPP FARMS;
and KIM TRIPP                                                                                    PLAINTIFFS


V.                                           NO.  4:08CV004146


BUNGE NORTH AMERICA, INC.                                                         DEFENDANT


## ORDER

Pending is Defendant's motion for summary judgment.  (Docket # 12).  Plaintiffs have responded and the Defendant has filed a reply.  For the reasons set forth herein, Defendant's motion is DENIED.

<u>Facts</u>

On May 17, 2006, the Tripps agreed to sell Bunge 5,000 bushels of #2 soft red winter wheat.  On May 23, 2006, the Tripps agreed to sell Bunge another 5,000 bushels of #2 soft red winter wheat.  On November 9, 2006, the Tripps entered into a third agreement to sell Bunge 5,000 bushels of #2 soft red winter wheat.  Under each of the three agreements, the wheat was to be delivered to Bunge's Des Arc, Arkansas elevator between June 1, 2007 and July 31, 2007.  The Tripps delivered 158.33 bushels of wheat on June 15, 2007.  Bunge applied this delivery to contract No. 98517.  The Tripps delivered no other wheat.  Bunge alleges that it cancelled the unfilled contracts as a result of the Tripps' default, and invoiced the Tripps for the market difference and cancellation fees owed.

On February 14, 2007, the Tripps agreed to sell Bunge 10,000 bushels of #1 yellow soybeans.  On February 20, 21 and 22, 2007, the Tripps entered into three more agreements, each

to sell 1,000 additional bushels of soybeans to Bunge.  Each agreement called for delivery of the soybeans to Bunge's Des Arc, Arkansas elevator between October 1, 2007 and November 30, 2007.  The Tripps made no deliveries of soybeans prior to the end of the delivery period.

Bunge claims that it cancelled the unfilled contracts as a result of the Tripps' default, and invoiced the Tripps for the market difference and cancellation fees owed.  The Tripps dispute that Bunge cancelled any unfilled contracts, and Billy Tripp testified that he did not know what it meant to have a contract "cancelled."

The Tripps failed to pay the market difference and cancellation fees allegedly owed on the unfilled wheat and soybean contracts.  Subsequently, Bunge initiated an arbitration proceeding for collection of the market difference and cancellation fees owed on the contracts in the amount of $61,638.68.  The Tripps refused to arbitrate and filed the complaint in this case seeking declaratory and injunctive relief.  The sole question raised is whether the National Grain and Feed Association ("NGFA") arbitration provision contained in the parties' contract  is enforceable.  Plaintiffs claim that this inquiry is highly fact intensive and the disputed facts preclude the entry of summary judgment.  Defendant argues that it is purely a question of law and based on the undisputed facts the Court can issue summary judgment.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual

> issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

The process of contracting between Bunge and a seller is initiated by the seller. In this case, on each occasion, Billy Tripp contacted Bunge, received a price for the commodity to be sold, determined the quantity to be sold and the delivery period. After reaching an agreement,

Bunge sent Tripp a confirmation of the oral agreement which contained the specified quantity, price, commodity, delivery period and date of the contract. After receiving the confirmations in the mail, Kim Tripp signed and returned the agreements on behalf of Tripp Farms. The Tripps did not read the arbitration provision in the confirmations.

      Each of the Tripps' contracts with Bunge contains the following arbitration clause:

> The terms of this confirmation are subject in all respects to the rules and regulations of the exchange, board, or association designated above. If Seller is not a member of the said exchange, board, or association, then the rules and regulations of the National Grain and Feed Association shall govern. Buyer and Seller agree that all disputes and controversies between them with respect to this confirmation shall be arbitrated according to said rules and regulation, and that judgement [sic] may be entered on the arbitration award in any court of competent jurisdiction.

      Also, in bold and all caps near the top right-hand corner of each of the parties' contracts, the following words appear: "SUBJECT TO RULES OF: NATIONAL GRAIN AND FEED ASSOCIATION". The Tripps seek a declaration from the Court that the arbitration clause in the parties' contracts is procedurally and substantively unconscionable, violates due process of law, and is, therefore, unenforceable. The Tripps claim that the NGFA arbitration process is procedurally flawed and substantively biased.

      Arbitration agreements are governed by the Federal Arbitration Act ("FAA"). 9 U.S.C. §§1-16. The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, state law contract defenses such as "fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements. *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

The Arkansas Supreme Court has adopted the following test for determining unconscionability in contract cases:

> In assessing whether a particular contract or provision is unconscionable, the courts should review the totality of the circumstances surrounding the negotiation and execution of the contract. Two important considerations are whether there is a gross inequality of bargaining power between the parties to the contract and whether the aggrieved party was made aware of and comprehended the provision in question.

*State ex rel. Bryant v. R & A Inv. Co., Inc.*, 336 Ark. 289, 296, 985 S.W.2d 299, 302 (1999), *citations omitted*. United States District Judge Harry F. Barnes recently determined that both procedural and substantive unconscionability must be present to render an arbitration clause unconscionable. *See, Easter v. Compucredit Corp., LLC*, 2009 WL 499384 (W.D. Ark. 2009). "Procedural unconscionability deals with the formation of the contract, the manner in which it was entered into, the fine print of the contract, any misrepresentations, and any unequal bargaining power of the parties. Substantive unconscionability, on the other hand, looks to the terms of the contract and whether or not they are harsh, one-sided, and oppressive." *Id.*

Plaintiffs argue the alleged inequality of power between the parties, the fact that Bunge did not identify or point out the arbitration provision to him, his unfamiliarity with the NGFA arbitration procedures and rules, the costs of arbitration and Bunge's membership in NGFA to support his position of unconscionability. The Court finds that Plaintiff has presented sufficient evidence of disputed factual issues which precludes the entry of summary judgment. *See, Young v. American Cyanamid Co.*, 786 F. Supp 781 (E.D. Ark. 1991).

For these reasons, Defendant's motion for summary judgment is DENIED. (Docket # 12).

IT IS SO ORDERED this 11th day of September, 2009.

                                                                                              _____
                                                                                              James M. Moody
                                                                                              United States District Judge